**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

| | |
|---|---|
| **GERARDO VELAZQUEZ-ORTEGA, # A 248-001-625** | **PETITIONER** |
| **VERSUS** | **CIVIL ACTION NO. 5:26cv510-DCB-BWR** |
| **WARDEN, ADAMS COUNTY CORRECTIONAL CENTER; FIELD OFFICE DIRECTOR, IMMIGRATION AND CUSTOMS ENFORCEMENT NEW ORLEANS FIELD OFFICE; TODD M. LYONS; MARKWAYNE MULLIN; and TODD BLANCHE** | **RESPONDENTS** |

**ORDER DENYING TEMPORARY RESTRAINING ORDER**

Before the Court is *pro se* Petitioner Gerardo Velazquez-Ortega's motion [2] for Temporary Restraining Order. He is an alien detainee in the custody of the Department of Homeland Security. On June 4, 2026, he filed this habeas action under 28 U.S.C. § 2241, challenging his continued detention. He simultaneously filed the instant motion to prevent his transfer or removal while this habeas case is pending. The Court has considered Petitioner's submission and the relevant legal authority. The motion is denied.

Petitioner is currently housed at the Adams County Correctional Center in Natchez, Mississippi. He asks that Respondents be temporarily estopped from transferring him to another detention facility or taking any action to remove him from the country, arguing such actions would divest the Court of jurisdiction and render his case moot.

To be entitled to a preliminary injunction, Petitioner must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm without the

injunction; (3) which harm outweighs any harm to respondent if granted; and (4) that the injunction will not disserve the public interest. *Women's Med. Ctr. v. Bell*, 248 F.3d 411, 418-19 n.15 (5th Cir. 2001). The threat of injury "must be actual and imminent, not conjectural or hypothetical." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). Conclusory allegations of an irreparable injury are insufficient. *Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 585 (5th Cir. 2013).

I. TRANSFER

The Court first considers the request to prevent a transfer to another facility. The Petitioner believes Respondents are "highly likely to transfer" him, because he was transferred once within two weeks of his initial arrest. (Mot. for TRO at 1-2). Petitioner offers nothing else to indicate the likelihood of a transfer.

In any event, although he claims a transfer will cause the Petition to be dismissed for lack of jurisdiction, this is not true. In a § 2241 action, jurisdiction rests in the district where petitioner is incarcerated when the case is filed. *Lee v. Wetzel*, 244 F.3d 370, 373-74 (5th Cir. 2001). Since jurisdiction attaches at the time the petition is filed, jurisdiction is not destroyed by transferring a petitioner outside of the district afterwards. *Griffin v. Ebbert*, 751 F.3d 288, 290-91 (5th Cir. 2014); *Lee*, 244 F.3d at 375 n.5. When the Petition was filed, Petitioner was housed at the Adams County Correctional Center, located in the Southern District of Mississippi. Jurisdiction attached in this Court at that time, and no subsequent transfer will destroy that jurisdiction.

Moreover, Petitioner has not shown that his case will become moot on a transfer to another detention facility, since what he seeks is release from detention altogether.

Therefore, he fails to show a substantial likelihood of irreparable harm if the TRO is not granted as to prevent his transfer. Having failed to establish a substantial likelihood of an irreparable injury, Petitioner is not entitled to an injunction preventing transfer.

## II. REMOVAL PROCEEDINGS

Now the Court considers Petitioner's request to prevent Respondents from "[r]emoving or deporting Petitioner . . . and [t]aking any other action to facilitate his . . . removal." (Mot. for TRO at 6). He alleges that no order of removal has been issued. (Am. Pet. at 4). Therefore, he objects to any removal proceedings being initiated or adjudicated against him.

The Court is without jurisdiction over a claim by an alien "connected directly and immediately" with the Attorney General's decision to commence or adjudicate removal proceedings. *Humphries v. Various Fed. USINS Emps.*, 164 F.3d 936, 943 (5th Cir. 1999). Even though there may not yet be a removal order, a request to stay removal proceedings is connected directly and immediately to the Attorney General's decision to commence removal proceedings. *Leger v. Young*, 464 F. App'x 352, 353 (5th Cir. Mar. 15, 2012). As such, a district court lacks the power to stay the proceedings.

Petitioner argues there is not yet a removal order, but he requests a stay of removal proceedings against him. Because the Court is without jurisdiction to consider this request, it is denied.

It is therefore ordered and adjudged that *pro se* Petitioner Gerardo Velazquez-Ortega's motion [2] for Temporary Restraining Order is denied.

So ordered and adjudged, this the 19 day of August, 2026.

/s/ David C. Bramlette
UNITED STATES DISTRICT JUDGE